UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ASHLEY M. DEARBORN,                 *
                                    *
       Plaintiff,                   *
                                    *
       v.                           *
                                    *    Civil Action No. 14-30019-MGM
CAROLYN W. COLVIN,                  *
Acting Commissioner of Social Security, *
                                    *
       Defendant.                   *

MEMORANDUM AND ORDER REGARDING PLAINTIFF'S MOTION
FOR JUDGMENT ON THE PLEADINGS AND DEFENDANT'S MOTION
TO AFFIRM THE DECISION OF THE COMMISSIONER
(Dkt. Nos. 19 and 21)

March 24, 2015

MASTROIANNI, U.S.D.J.

I. INTRODUCTION

This is an action for judicial review of a final decision by the Commissioner of the Social Security Administration ("Commissioner") regarding an individual's entitlement to Supplemental Security Income ("SSI") pursuant to 42 U.S.C. § 1383(c)(3). Ashley M. Dearborn ("Plaintiff") asserts that the Commissioner's decision denying her such benefits -- memorialized in two October 18, 2012 decisions of an Administrative Law Judge ("ALJ") -- is in error. She has filed a motion for judgment on the pleadings, and the Commissioner, in turn, has moved to affirm.

The court denies Plaintiff's motion for judgment on the pleadings (Dkt. No. 19) and, accordingly, grants the Commissioner's motion to affirm the ALJ's decision (Dkt. No. 21), because it is supported by substantial evidence from the record.

II.      B<small>ACKGROUND</small>

The parties are familiar with the factual history of this case; however, the court will briefly summarize the procedural history before moving on to the applicable standard of review. On July 13, 2010, Plaintiff's mother filed an application for SSI benefits on behalf of her minor child alleging disability due to social phobia and selective mutism, with a disability onset date of July 21, 1997. (Administrative Record ("A.R.") at 94-97, 288-89). Plaintiff was notified by the Social Security Administration her claims had been initially denied on or about March 22, 2011, and denied upon reconsideration on or about October 12, 2011. (Id. at 98-100, 109-111).

Plaintiff requested a hearing in front of ALJ Leonard J. Cooperman, which took place on October 1, 2012. (Id. at 50). The Judge considered Plaintiff's claim of disability prior to age 18 under 42 U.S.C. § 1382c(a)(3)(C), and her claim of disability after age 18 under 42 U.S.C. § 1382c(a)(3)(A), the respective disability standards for individuals who have not achieved age 18, and for those who have. (Id. at 29.) On October 18, 2010, the ALJ denied Plaintiff's application for SSI benefits under both the childhood and adult disability guidelines. The Appeals Council affirmed the ALJ's decision on November 21, 2013. (Id. at 1-5). Plaintiff challenges the ALJ's decision that no sufficient showing was made to satisfy an adult claim for SSI benefits under 1614(a)(3)(A). (Pet'r's Mem. in Supp. of Mot. for J. on the Pleadings at 8.) Specifically, Plaintiff assigns error to the ALJ's finding that since attaining the age of 18, "[Plaintiff] has had the residual functional capacity to perform a full range of work at all exertional levels…[while] be[ing] isolated from the public…limited to only occasional contact with others[, and expected to] remember and carry out only simple instructions." See (A.R. 42; Dkt. 20, Pet'r's Mem. in Supp. of Mot. for J. on the Pleadings at 8.)

III.     STANDARD OF REVIEW

A court may not disturb the Commissioner's decision if it is grounded in substantial evidence. See 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind accepts as adequate to support a conclusion. Rodriguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981). The Supreme Court has defined substantial evidence as "more than a mere scintilla." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Thus, even if the administrative record could support multiple conclusions, a court must uphold the Commissioner's findings "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion." Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (citation and internal quotations omitted).

The resolution of conflicts in evidence and the determination of credibility are for the Commissioner, not for doctors or the courts. Evangelista v. Sec'y of Health & Human Servs., 826 F.2d 136, 141 (1st Cir. 1987); Rodriguez, 647 F.2d at 222. A denial of benefits, however, will not be upheld if there has been an error of law in the evaluation of a particular claim. See Manso-Pizarro v. Sec'y of Health & Human Servs., 76 F.3d 15, 16 (1st Cir. 1996). In the end, the court maintains the power, in appropriate circumstances, "to enter . . . a judgment affirming, modifying, or reversing the [Commissioner's] decision" or to "remand[ ] the cause for a rehearing." 42 U.S.C. § 405(g).

The court may review conclusions of law and invalidate findings of fact that are "derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." Nyugen v. Chater, 172 F.2d 31, 35 (1st Cir. 1999). However, it must be shown as well that the evidence the ALJ did rely upon was either "insufficient, incorrect, or both." Greene v. Astrue, No. 11-30084, 2012 WL 1248977, at *3 (D. Mass. Apr. 12, 2012).

IV.     DISABILITY STANDARD AND THE ALJ'S DECISION

Plaintiff's entitlement to SSI benefits requires a showing of both disability and financial need. 42 U.S.C. § 1382. In the instant action, only Plaintiff's alleged disability is challenged. (See Dkt. No. 20, Pet'rs' Mem. in Supp. of Mot. for J. on the Pleadings at 8.) The Social Security Act ("the Act") defines disability, in part, as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). An individual is considered disabled under the Act,

> only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B); See generally Bowen v. Yuckert, 482 U.S. 137, 146-49 (1987).

The Plaintiff challenges the decision concerning adult SSI, arguing that the ALJ wrongly determined that Plaintiff is not disabled on the basis of his conclusion that since attaining the age of 18, Plaintiff has been "capable of performing a full range of work at all exertional levels with the following nonexertional limitations:  (1) must be isolated from the public and limited to only occasional contact with others; and (2) can remember and carry out [only] simple tasks." (See Dkt. No. 20, Pet'rs' Mem. in Supp. of Mot. for J. on the Pleadings at 8.)

In evaluating Plaintiff's claim for adult SSI benefits, the ALJ conducted a five-step process to determine if Plaintiff has been disabled since reaching the age of 18, described by the First Circuit as follows:

> 1) If the applicant is engaged in substantial gainful work activity, the application is denied; 2) if the applicant does not have, or has not had within the relevant time period, a severe impairment or combination of impairments, the application is denied; 3) if the impairment meets the conditions for one of the "listed" impairments in the Social Security regulations, then the application is granted; 4) if

the applicant's "residual functional capacity" [("RFC")] is such that he or she can still perform past relevant work, then the application is denied; 5) if the applicant, given his or her residual functional capacity, education, work experience, and age, is unable to do any other work, the application is granted.

(A.R. at 32-33.) Seavey v. Barnhart, 276 F.3d 1, 5 (1st Cir. 2001); see also 20 C.F.R. § 416.920(a)(4).

With respect to step five, the ALJ found that Plaintiff is capable of performing a full range of work at all exertional levels, so long as she is isolated from the public, limited to only occasional contact with others, and expected to remember and carry out only simple instructions. (A.R. at 42-44.) Specifically, the ALJ concluded that Plaintiff is capable of working as a nighttime cleaner, mail sorter, or store shelf stocker—work that existed in significant numbers in the national economy. (Id. at 42-44.) As a result, the ALJ determined that Plaintiff was not disabled. (Id. at 45.)

V. ANALYSIS

Plaintiff disputes the ALJ's finding under step five of the adult disability analysis, arguing that the ALJ "erred by failing to assess additional mental limitations in his [RFC] assessment." (See Dkt. No. 20, Pet'rs' Mem. in Supp. of Mot. for J. on the Pleadings at 8.) Specifically, Plaintiff contends that the ALJ ignored "substantial evidence in the record, including the opinions provided by multiple treating physicians," and provided deficient justification for granting minimal weight to the views of medical sources aside from the Department of Developmental Services ("DDS.") (See id. at 12.)

A. The ALJ Relied Upon Substantial Evidence in Arriving at His Decision

First, Plaintiff argues the RFC assigned to Plaintiff by the ALJ ignores substantial evidence of additional mental limitations. (See id. at 8.) The Commissioner, in turn, argues the ALJ's decision is supported by substantial evidence, and the additional evidence cited by Plaintiff does not

5

undermine the ALJ's decision. (See Dkt. No. 22, Def.'s Mem. in Supp. of Mot. to Affirm the Comm'r's Decision at 16-18.)

Plaintiff points to various evidence of her mental impairments, specifically, evaluations from Mt. Tom Mental Health Center, River Valley Counseling Center, In Home Therapy/Theraputic Services, Clinical and Support Options, and Dr. Thomas Janas, Ph.D. (See Dkt. No. 20, Pet'r's Mem. in Supp. of Mot. for J. on the Pleadings at 8-12.) However, Plaintiff is amalgamating the more concerning observations from her evaluations to demonstrate her abilities are indeed limited enough to support a more stringent RFC finding. (See id.) This strategy fails to demonstrate the ALJ did not rely upon substantial evidence to arrive at his decision.

Plaintiff cites the Nyugen case to argue the court may review conclusions of law de novo and invalidate findings of fact that are "derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." (See Dkt. No. 20, Pet'r's Mem. in Supp. of Mot. for J. on the Pleadings at 7.) Nyugen, 172 F.2d at 35. Plaintiff's reliance on Nyugen is misplaced, because in this case, Plaintiff has failed to undermine the "substantial evidence" the ALJ used to arrive at his decision.

In Nyugen, the Court found the ALJ had not simply ignored evidence in the record, but had "substitut[ed] his [own] judgment for that of medical professionals"—specifically reasoning that "the severity of claimant's pain and inability to remain seated were exaggerated" and that "claimant could satisfy his need to change position with regularly-scheduled breaks." Nyugen, 172 F.2d at 34. The court held the ALJ's determination was not supported by substantial evidence. Id. at 35. In the instant case, the ALJ did not ground his determination merely in his own personal opinion of Plaintiff's condition but, rather, on Plaintiff's own testimony as well as evaluations by In Home Therapy/Theraputic Monitoring and Clinical and Support Options. (See A.R. at 41-44.) Roberts v. Barnhart, 67 Fed.Appx. 621, 624 (1st Cir. 2003) (holding that medical evaluations and the plaintiff's

6

own testimony constitute substantial evidence). In particular, the ALJ found that, based on Plaintiff's presentation at her hearing, she is able to communicate non-verbally and her inability to communicate verbally is not a credible reason to preclude her from gainful activity. (A.R. at 43-44.) Furthermore, the ALJ cited In Home Therapy's judgment that Plaintiff had made progress in her communication, most notably her ability to communicate in writing or by nodding or shaking her head. (Id. at 43.) Additionally, the ALJ cited Clinical Support Option's observations that Plaintiff was "shy, but communicated," was on no psychotropic medication, and could use the computer all day, "an activity that requires some level of concentration." (Id. at 43-44.)

While remand may be appropriate if an administrative law judge fails to consider relevant evidence, or if the reviewing court cannot tell if a piece of expert testimony was rejected or ignored, the administrative law judge need not discuss every single piece of evidence in the record. See Goncalves v. Astrue, 780 F. Supp. 2d 144, 149 (D. Mass. 2011). Rather, an administrative law judge is only required, at a minimum, to acknowledge all evidence in the record has been considered, in which case, if specific evidence goes unmentioned, it is deemed to have been considered and de facto rejected. See id. If an administrative law judge fails to indicate the weight given to relevant evidence, or if the reviewing court cannot tell if a piece of expert testimony was rejected or ignored, then the decision is considered to have "ignored evidence." See id. In the instant case, the ALJ discussed the hearing testimony and parts of the administrative record, and also explained why he assigned minimal weight to other relevant evidence not explicitly addressed in his decision. (See A.R. 42-44.) Accordingly, the court cannot find that the ALJ's failure to discuss in detail each piece of evidence was error.

As the Commissioner argues, Plaintiff must "show not only the existen[ce] of evidence in the record supporting her position but also must demonstrate that the evidence relied on by the ALJ is either insufficient, incorrect, or both." (See Dkt. No. 22, Def.'s Mem. in Supp. of Mot. to Affirm

7

the Comm'r's Decision at 16.) Greene, 2012 WL 1248977 at *3. The court agrees with the Commissioner that Plaintiff's mere assertion of additional evidence (in this case a restatement of her various ailments from all the sources in the record) does not suffice to show that the ALJ's determination is unsupported by substantial evidence, because she has not shown the evidence the ALJ relied upon is problematic. (See Dkt. No. 22, Def.'s Mem. in Supp. of Mot. to Affirm the Comm'r's Decision at 16-17.) Greene, 2012 WL 1248977 at *3.

A summary of the evidence in the record supporting a disability finding does not by itself extinguish the substantial evidence supporting the ALJ's finding. See Smith v. Astrue, 851 F.Supp. 2d 305, 309 (D. Mass. 2012). Even if Plaintiff's evidence could support a different RFC determination, the ALJ's decision must stand if supported by substantial evidence. See 42 U.S.C. §§ 405(g), 1383(c)(3); Ortiz, 955 F.2d at 769 (explaining that evidence does not become unsubstantial simply because the administrative record could support multiple conclusions); Rodriguez, 647 F.2d at 222 (explaining that substantial evidence is such relevant evidence as a reasonable mind accepts as adequate to support a conclusion). Plaintiff makes no argument that the evidence cited by the ALJ is unsubstantial; the court agrees with the Commissioner that the ALJ's finding as to Plaintiff's RFC is supported by substantial evidence.

The court also concludes none of the evidence cited by Plaintiff undermines the ALJ's decision because it is either irrelevant or not inconsistent with the RFC. In particular, the evaluation from Mt. Tom Medical Center is nearly six years old. See Cruz-Guadalupe v. Comm'r. of Social Sec., Civil No. 08-1475 (JAF), 2009 WL 2871154 at *3 (D. P.R. Sept. 1, 2009) (holding that evidence falling outside the relevant time period should not be considered). Furthermore, the therapist evaluations are not derived from acceptable medical sources under the guidelines. See 20 C.F.R. § 416.913(a) (listing acceptable evaluators); Taylor v. Astrue, 899 F. Supp. 2d 83, 88 (D. Mass. 2012) (defining an acceptable medical source as one "who provided the patient with medical treatment or

8

evaluation and had an ongoing relationship with him or her," and therefore holding that therapists are not acceptable medical sources). Finally, much of the evidence Plaintiff cites supports the finding that her ability to communicate nonverbally does not preclude her from gainful work activity. (A.R. at 275-78, 368-69.)

B. <u>The ALJ Provided Sufficient Justification for Granting "Minimal Weight" to Non-DDS Medical Sources</u>

Plaintiff argues the ALJ ignored the views of the Mt. Tom Mental Health Center, the River Valley Counseling Center, Service Net, Clinical and Support Options, and Dr. Thomas Janas, Ph.D., and offered a deficient justification for doing so. (<u>See</u> Dkt. No. 20, Pet'r's Mem. in Supp. of Mot. for J. on the Pleadings at 9-14.) In his decision, the ALJ noted: "I give minimal weight to the views of other medical sources aside from DDS." (A.R. at 43.) Plaintiff contends that this justification is impermissibly vague. (<u>See</u> Dkt. No. 20, Pet'r's Mem. in Supp. of Mot. for J. on the Pleadings at 13-14.) Plaintiff erroneously cites <u>Custodio v. Astrue</u> as holding that "[a]n administrative law judge may resolve evidentiary conflicts in the medical record or conclude that a doctor's testimony is not supported by medical findings, but vague allusions to the record as a whole…do not permit meaningful review."[1]

In his decision, the ALJ indicated he reviewed all the available evidence, stating: "[B]ased on the evidence of record, as well as the claimant's presentation at the hearing, I find that [Plaintiff] is able to communicate, albeit not verbally, and find that her inability to communicate verbally is not a credible basis for concluding she cannot perform any substantial gainful activity." (A.R. at 42.) The court finds that based on this statement, it appears the ALJ reviewed the entire record in arriving at his decision. <u>Goncalves</u>, 780 F. Supp. 2d at 148-49.

Still, Plaintiff alleges that "the ALJ failed to provide any indication of the evidence which he found inconsistent nor did he provide any discussion of the evidence that he did in fact deem

---

[1] <u>See</u> <u>McCollom v. Astrue</u>, 11-30079-KPN, 2012 WL 2244798 at *5 (D. Mass. Jun. 12, 2012).

9

controlling aside from generally referenc[ing] DDS opinions—those of which are offered without ever meeting the claimant him or herself." (See Dkt. No. 20, Pet'r's Mem. in Supp. of Mot. for J. on the Pleadings at 14.) Given the ALJ's analysis explaining why he chose to provide minimal weight to non-DDS medical professionals, the court finds Plaintiff's argument unpersuasive. (See A.R. at 43-44.) Specifically, the ALJ stated in his decision that the opinions receiving "minimal weight" rely principally on the claimant's selective mutism "as the basis for concluding, through low [Global Assessment of Functioning ("GAF")] scores, that the claimant is unable to work." (Id. at 43.)

The ALJ noted the evaluations conducted since Plaintiff's 18th birthday, by River Valley Counseling, In-Home Therapy, Clinical and Support Options, and Dr. Thomas Janas, all rely on GAF scores determined largely by Plaintiff's selective mutism. (See id. at 42-43, 290-309, 365-66, 378-400, 275-81.) The ALJ noted the GAF score of 40 assigned by River Valley Counseling reflects severe disruptions in social functioning due in part to Plaintiff's selective mutism, but does not reflect other functional problems. (Id. at 42-43.) Furthermore, the ALJ noted that the GAF score of 46 assigned by In-Home Therapy "appears primarily based on the claimant's inability or unwillingness to communicate verbally with anyone outside her immediate family," a weakness ameliorated by Plaintiff's apparent ability, by the end of treatment, to engage in non-verbal forms of communication with non-family members. (Id.)

Additionally, the ALJ found the GAF score of 48 assigned by Clinical and Support Options was primarily based on the observation that Plaintiff seems willing to communicate verbally with her mother only. (Id.) The report also notes, however, that Plaintiff was working to separate from her mother. (Id.) Finally, the ALJ noted that the GAF score of 37 assigned by Dr. Thomas Janas "appears inconsistent with the claimant's reported activities of daily living including walking the dog, using the computer (including Facebook), visiting the park, and performing chores such as taking out the trash and laundry. (Id. at 43.)

Plaintiff correctly argues that vague references to the record in its entirely do not provide an adequate basis to determine whether the decision is based on substantial evidence, but that is not the case here. (See Dkt. 20, Pet'r's Mem. in Supp. of Mot. for J. on the Pleadings at 13.) In McCollom v. Astrue, the court considered a challenge to an administrative law judge ruling that was, apparently, grounded predominantly in the ALJ's opinions rather than scientific evidence and medical findings. See No. 11-30079-KPN, 2012 WL 2244798 at *5 (D. Mass. Jun. 14, 2012). The ALJ "summarily concluded that 'the objective medical evidence of record' contradicted [medical] opinions…however, the ALJ did not identify those inconsistencies." See id. at 5-6. The court held that the ALJ was required to indicate her reasons for according more or less deference to certain medical examiners. See id. Unlike in McCollom, however, the ALJ in the instant case identified the reasons he gave minimal weight to non-DDS sources—specifically, that they mainly rely on the diagnosis of selective mutism, a condition the ALJ found to be non-disabling due to Plaintiff's ability to communicate nonverbally. (A.R. at 42-44); see McCollom, 2012 WL 2244798 at *5.

Furthermore, as the Commissioner notes in her brief, the ALJ justified his granting of "minimal weight" to non-DDS sources with his observation that the low GAF scores from those sources appear inconsistent with Plaintiff's reported activities of daily living. (See A.R. at 43-44.) As the court explained in Stanley, GAF scores alone are not determinative factors in a disability finding. See No. 11-10027, 2014 WL 1281451, at *15 (D. Mass. Mar. 28, 2014). Therefore, although the non-DDS sources may cite low GAF scores in their evaluations, they do not control the ALJ's finding that Plaintiff's selective mutism is not disabling, and the ALJ provided adequate explanations for discarding those opinions.

## VI.  CONCLUSION

For these reasons, the court DENIES Plaintiff's Motion for Judgment on the Pleadings, (Dkt. No. 19), and ALLOWS Defendant's Motion for Order Affirming Decision of the

Commissioner, (Dkt. No. 21). The clerk shall enter judgment for Defendant, and this case may now be closed.

It is So Ordered.

                                                      /s/ Mark G. Mastroianni
                                                     MARK G. MASTROIANNI
                                                     United States District Judge